Lawrence M. Blue WSBA No. 29483
Bountiful Law, PLLC
4620 200th Street SW, Suite D
Lynnwood, WA 98036

The Honorable Christopher M. Alston
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| In Re:<br><br>BRANDEE KRISTEN KRUMBAH<br><br>Debtor.<br><br>BRANDEE KRISTEN KRUMBAH<br><br>Plaintiff,<br><br>vs.<br><br>LITTON LOAN SERVICING LP<br><br>Defendant. | Case No. 16-15065<br><br>In Proceedings under Chapter 13<br><br>ADV. NO.<br><br>COMPLAINT TO VOID AND STRIP LIEN FROM RECORD TITLE AND FOR DETERMINATION OF LACK OF SECURED STATUS |

The Plaintiff, Brandee Kristen Krumbah, the debtor in the above-named Chapter 13 bankruptcy, through her attorney, Lawrence M. Blue, complains of the defendant and shows the court as follows:

COMPLAINT TO STRIP LIEN - *Page 1 of 5*

BOUNTIFUL LAW, PLLC
4620 200TH STREET SW, STE D
LYNNWOOD, WA 98036
(425) 775-9700

Case 17-01015-CMA    Doc 1    Filed 01/26/17    Ent. 01/26/17 14:30:44    Pg. 1 of 5

## I. JURISDICTION, VENUE, CONSENT

1.1 This Court has jurisdiction of this adversary proceeding pursuant to the provisions of 28 U.S.C § 157 and § 1334. This adversary proceeding is a core proceeding within the meaning of 28 USC § 157(b) (2)(B), (C), (K) and (O).

1.2 Venue is proper as this bankruptcy case was filed in the Western District of Washington at Seattle, the debtor resides in King County, Washington, and the transaction in question was entered in King County, Washington.

1.3 The Plaintiff consents to the entry of final orders or judgments by the bankruptcy judge pursuant to Fed. R. Bankr. P. 7008(a) and Local Rule 7012-1.

## II. PARTIES

2.1 PLAINTIFFS. Plaintiff, Brandee Kristen Krumbah ("Plaintiff") resides in King County, Washington. The Plaintiff is the debtor herein, and the debtor under a certain Promissory Note, secured by a certain Deed of Trust, where Litton Loan Servicing LP is the creditor ("Defendant" or "Litton").

2.2 DEFENDANT. Defendant Litton conducts business in King County, Washington.

## III. CLAIMS

3.1 NOTE AND DEED. On or about January 26th, 2006 the Plaintiff signed a Promissory Note in the amount of $90,000.00 with Litton. A Deed of Trust dated January 26th, 2006 purports to be the security instrument securing the Promissory Note dated on or about January 26th, 2006. Said Deed of Trust was signed by Brandee Kristen Krumbah on or about and January 26th, 2006. The Deed of Trust is a consensual lien in second position on the debtor's residence, legally described as:

COMPLAINT TO STRIP LIEN - *Page 2 of 5*

BOUNTIFUL LAW, PLLC
4620 200TH STREET SW, STE D
LYNNWOOD, WA 98036
(425) 775-9700

Case 17-01015-CMA    Doc 1    Filed 01/26/17    Ent. 01/26/17 14:30:44    Pg. 2 of 5

THE SOUTH 128 FEET OF THE WEST 150 FEET OF THE EAST 990 FEET OF THE SOUTH 1/2 OF THE NORTHEAST 1/4 OF THE NORTHEAST 1/4 OF SECTION 32, TOWNSHIP 26 NORTH, RANGE 5 EAST W.M., IN KING COUNTY, WASHINGTON;

EXCEPT THAT PORTION LYING WITHIN NORTHEAST 112TH STREET;

SITUATE IN THE CITY OF KIRKLAND, COUNTY OF KING, STATE OF WASHINGTON.

The common address for the property is 11230 NE 112th, Kirkland WA 98033.

3.2     PROPERTY VALUE:  The first deed of trust on the Debtor's principal residence with Wells Fargo Home Mortgage is approximately $453,224.19.  In Schedule A the debtor listed his principal residence with a value of $447,000.00 based on a November 7th, 2016 appraisal by Frontier Appraisal Services.  Based on the Debtor's valuation of the house the first deed of trust held by Wells Fargo Home Mortgage is under-secured by $6,224.19.  The lien held by Litton is junior to that held by Wells Fargo Home Mortgage and is wholly unsecured.

3.3     The value for the property at the time of filing is $447,000.00.  This value was also used in the debtor's schedules.  Litton has not filed a proof of claim in this case and has not assigned a value to its lien.

3.4     The first mortgage claim of Wells Fargo Home Mortgage is greater than the value of the property.  As a result the second mortgage claim of Litton is not secured.  Pursuant to 11 U.S.C. § 506(a), Litton cannot have an allowed secured claim, as there is no equity to which a lien could attach.  Therefore, the Litton claim herein is unsecured, and it cannot have more than a general allowed unsecured claim herein.

3.5     Because Litton's claim is unsecured, its rights may be modified under 11 U.S.C. § 1322(b)(2). The Bankruptcy Code protects claims "secured only by a security interest in real property that is the debtor's principle residence" from modification under a Chapter 13 plan, 11

COMPLAINT TO STRIP LIEN  - *Page 3 of 5*

BOUNTIFUL LAW, PLLC
4620 200TH STREET SW, STE D
LYNNWOOD, WA 98036
(425) 775-9700

Case 17-01015-CMA    Doc 1    Filed 01/26/17    Ent. 01/26/17 14:30:44    Pg. 3 of 5

U.S.C. §1322(b)(2), but the Ninth Circuit Court has held "a wholly unsecured lien holder is not entitled to the protections of 11 U.S.C. § 1322(b)(2)." <u>Zimmer v. PSB Lending Corporation</u>, 313 F.3d 1220, 1221. Under 11 U.S.C. §506(a)(1) an allowed claim of a creditor secured by a lien on property is a secured claim only "to the extent of such creditor's interest in the estate's interest in such property." It is an unsecured claim "to the extent that the value of such creditor's interest... is less than the amount of such allowed claim." The claim of Litton is a wholly unsecured claim. Under 11 U.S.C. §506(d) to the extent a lien secures a claim against the debtor that is not a secured claim such lien is void.

Therefore, Litton's lien may be stripped from record title. To prevent modification, Litton as a lien holder, must be a holder of a secured claim rather than merely a holder of a security interest to be protected from modification under 11 U.S.C. § 1322(b)(2). In this case, it is merely a holder of a security interest and the holder of a claim that is not supported by estate property. This lien may be treated as unsecured and may be stripped from record title under <u>In re Lam v. Investors Thrift</u>, 211 B.R. 36 (Bank.r 9th Cir. 1997).

## IV. PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays for judgment as follows:

4.1 For entry of a judgment that strips the lien of Litton from record title and permits the Plaintiff to record said Order.

4.2 For disallowance of any secured claim to filed by Litton for its second deed of trust, but allowance for a general unsecured claim.

4.3 For such other and further relief as may be just and equitable under the circumstances.

COMPLAINT TO STRIP LIEN - *Page 4 of 5*

BOUNTIFUL LAW, PLLC
4620 200TH STREET SW, STE D
LYNNWOOD, WA 98036
(425) 775-9700

Case 17-01015-CMA    Doc 1    Filed 01/26/17    Ent. 01/26/17 14:30:44    Pg. 4 of 5

DATED: January 25th, 2017   /s/ Lawrence M. Blue
                             Lawrence M. Blue, WSBA #29483
                             Attorney for Plaintiff

COMPLAINT TO STRIP LIEN - *Page 5 of 5*

BOUNTIFUL LAW, PLLC
4620 200TH STREET SW, STE D
LYNNWOOD, WA 98036
(425) 775-9700

Case 17-01015-CMA   Doc 1   Filed 01/26/17   Ent. 01/26/17 14:30:44   Pg. 5 of 5